```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION
```

UNITED STATES OF AMERICA ex rel.  )
ANTYON BROWN #B77016,             )
                                  )
              Petitioner,          )
                                  )
     v.                            )   No. 07 C 4899
                                  )
J. MARK JONES, Acting Warden,      )
                                  )
              Respondent.          )

MEMORANDUM ORDER

Antyon Brown ("Brown") has filed a self-prepared 28 U.S.C. §2254 ("Section 2254") Petition for Writ of Habeas Corpus ("Petition") challenging his state court conviction on charges of first degree murder and first degree attempt murder, as the result of which he is now serving a lengthy prison term. This Court's September 5, 2007 memorandum order ("Order") stayed this action because Brown's second post-conviction effort in the state court system has not yet been exhausted there, while at the same time ordering the Illinois Attorney General to "file an appropriate answer as to the exhausted claims that conforms to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts"[1] (Order at 2).

In response, Assistant Attorney General Charles Redfern has filed a comprehensive 25-page Answer that comprises (1) a recounting of the entire procedural history of Brown's direct

---

[1] Those Rules are hereafter cited as "Section 2254 Rules."

appeal and his two post-conviction proceedings in the state court system, (2) the factual recitation as to Brown's offenses of conviction as determined by the Illinois Appellate Court and (3) a legal analysis of Brown's claims advanced in the Petition. As Section 2254 Rule 5 requires, the Answer has been accompanied by its Exs. A through P, which provide all of the underlying documentation required for full consideration of the Petition and Answer.

This Court has reviewed and considered the admirably thorough Answer with care, and it finds no need to issue an extended opinion that, by its very nature, could do no better than to repeat what the Assistant Attorney General has said so well and with total accuracy. Instead this Court holds, for the reasons stated in the Answer:

> 1. Brown's claim under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) as to the asserted ineffective assistance of trial counsel, to the extent that it relates (a) to the failure to call potential witness Ms. O'Dell (due to an inability to locate her, not for any lack of effort to do so) and (b) to the related inability to offer evidence as to an unidentified man wearing a hooded sweater (a subject to which only Ms. O'Dell could have testified), is barred because the Illinois Appellate Court rejected those aspects of Brown's ineffective assistance claim on an adequate and

2

independent state law ground (Answer 13-17).

2. Brown's further claim of the ineffective assistance of trial counsel, to the extent it relates to a failure to call as potential witnesses three unnamed women who were assertedly standing on a balcony and thus observed certain events at issue in the trial, flunks the Strickland standards on the merits and also fails to meet the AEDPA requirements set out in Section 2254(d)(Answer 17-22).

3. Brown's challenge to the denial of his first state post-conviction petition rests purely on state law grounds and is hence not cognizable in federal habeas proceedings under Section 2254 (Answer 22-23).

That leaves for consideration only Brown's still-pending appeal to the Illinois Appellate Court from the denial of his second state post-conviction petition, which again asserts inadequate representation by counsel--this time his counsel on the direct appeal. Although the Order had originally directed that this action be stayed because of that unexhausted claim, Answer 23-24 demonstrates persuasively that Brown's claim in that second post-conviction proceeding is barred on an adequate and independent state law ground, so that it would not be cognizable in Section 2254 proceedings in any event. That being so, Rhines v. Weber, 544 U.S. 269, 277 (2005) teaches that a continuation of the stay would be an abuse of discretion:

>Because granting a stay effectively excuses a
petitioner's failure to present his claims first to the
state courts, stay and abeyance is only appropriate
when the district court determines there was good cause
for the petitioner's failure to exhaust his claims
first in state court. Moreover, even if a petitioner
had good cause for that failure, the district court
would abuse its discretion if it were to grant him a
stay when his unexhausted claims are plainly meritless.

For the reasons stated here, then, Brown's Petition is dismissed without any need for an evidentiary hearing (see Section 2254 Rule 8(a)). This action is dismissed.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 24, 2007