IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
ANTYON BROWN #B77016, )
)
              Petitioner, )
)
  v. ) No. 07 C 4899
)
J. MARK JONES, Acting Warden, )
)
              Respondent. )

## MEMORANDUM ORDER

On October 24, 2007 this Court issued its memorandum order that analyzed all aspects of the 28 U.S.C. §2254 ("Section 2254") Petition for Writ of Habeas Corpus ("Petition") that had been filed pro se by Antyon Brown ("Brown") to challenge his state court conviction on charges of first degree murder and first degree attempt murder. That analysis, aided by the comprehensive 25-page Answer that had been filed by the Illinois Attorney General's Office, found the Petition wanting without the need for any evidentiary hearing. Accordingly this Court dismissed both the Petition and this action.

Nearly 90 days elapsed after that dismissal before this District Court's Clerk's Office received a "Motion for Appeallability" that Brown had transmitted from Danville Correctional Center on January 15, 2008. Although Brown there characterized his filing as a "request for a late certificate of appealability," this Court will of course accord nonlawyer Brown the benefit of the most favorable reading--hence his filing will

be treated as an attempted notice of appeal.

Brown correctly acknowledges that his current effort is untimely under the applicable statute and appellate rules. Although 28 U.S.C. §2253(c) bars any appeal from the final order in a habeas proceeding (which includes a Section 2254 action) without the issuance of a certificate of appealability (a requirement echoed in Fed. R. App. P. ("Rule") 22), by definition the first order of business is to make certain that an appeal has actually been lodged. To that end Rule 4(a)(1)(A) sets a 30-day deadline after entry of the adverse judgment for the filing of a notice of appeal. That time limit may be extended under Rule 4(a)(5) if a motion for extension is made within 30 days after the deadline date accompanied by a showing of excusable neglect or good cause for the delay.

In this instance Brown has concededly missed that timetable, but he attributes his tardiness to a lockdown that went into effect at Danville on November 19, 2007, with the law library there then being closed for a two-week period. That does not help him, though, for the lockdown did not come into play until Brown's 30-day period for filing a notice of appeal was almost over, giving him ample time to have filed that single document before the lockdown. And even if some tolling were to be attributed to the lockdown situation and to any limitations on his access to the law library, Brown has not made any showing of

2

excusable neglect or good cause for his delay.

Accordingly, with Brown's submission being treated most favorably as an attempted notice of appeal (a prerequisite to consideration of a certificate of appealability), the untimeliness of that notice calls for denial of a certificate of appealability. Brown is however advised that he may submit his request to the Court of Appeals for its consideration.

_____
Milton I. Shadur
Senior United States District Judge

Date:  January 29, 2008